## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

No. 7:12-CR-00011-F-1
No. 7:13-CV-00171-F

| | |
|---|---|
| JAMES WESLEY SIDBURY, | ) |
| Petitioner | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on the Government's Motion to Dismiss [DE-47] James

Wesley Sidbury's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 [DE-37]. The issues have been fully briefed and are now ripe for ruling. For the

reasons set forth below, the Government's Motion to Dismiss is ALLOWED.

## I. Factual and Procedural Background

On January 24, 2012, Sidbury was charged in a six-count indictment. *See* Indictment

[DE-1]. In Counts One, Two, Three and Four, Sidbury was charged with distributing a quantity

of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Count Five charged Sidbury with

possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. §

841(a)(1). In Count Six, Sidbury was charged with being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

Sidbury's arraignment was held on April 23, 2012. At his arraignment, Sidbury entered a

plea of guilty as to all six counts without a plea agreement.

On September 10, 2012, the court held Sidbury's sentencing hearing. Sidbury was

sentenced to 121 months' imprisonment in each of Counts One through Five. *See* Judgment

[DE-25]. Sidbury was sentenced to 120 months' imprisonment in Count Six. It was ordered that all terms shall run concurrently.

Sidbury filed a Notice of Appeal [DE-28] on September 13, 2012.[1] In an unpublished opinion [DE-34], the Fourth Circuit Court of Appeals affirmed Sidbury's sentence. Sidbury petitioned the United States Supreme Court for certiorari, but the request was denied.

On August 13, 2013, Sidbury filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-37]. In his section 2255 motion, Sidbury argues that he is entitled to relief on the following grounds: (1) the drug quantity he was held responsible for violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) he is entitled to relief under the Fair Sentencing Act; and (3) he is entitled to relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government has filed a Motion to Dismiss [DE-47] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must

---

[1]Sidbury raised the following issue on appeal: Whether, in this case challenging the 18:1 crack to powder ratio, he successfully rebutted the presumption of reasonableness the court would otherwise apply to his within-guideline sentence and has shown that his sentence is substantively unreasonable?

2

be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### Sidbury's Claims Are Procedurally Defaulted.

In his first claim, Sidbury argues that the drug quantity he was held responsible for at sentencing violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). [DE-37] at 4; [DE-37-1] at 6-9. Sidbury contends in his second claim that he is entitled to relief under the Fair Sentencing Act. [DE-37] at 6; [DE-37-1] at 10-15. In his third and final claim, Sidbury argues that he is entitled to relief under the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[2] [DE-37] at 7-8; [DE-37-1] at 16.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is

---

[2]The Fourth Circuit's opinion in *Simmons* was issued on August 17, 2011. Sidbury's opening brief with the Fourth Circuit wasn't filed until February 6, 2013.

3

cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier,* 477 U.S. 478, 492 (1986); *Turner v. Jabe,* 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray,* 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623.

Sidbury erroneously asserts that he raised his first and second issues when his case was on direct appeal to the Fourth Circuit, but he concedes that he failed to raise his second issue. [DE-37] at 4-5, 8. Sidbury has failed to allege that some objective factor external to the record prevented him from raising his first, second and third claims on direct appeal. Moreover, Sidbury has not alleged that he is actually innocent. Accordingly, because Sidbury has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Sidbury's first, second and third claims are procedurally defaulted and must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-47] is ALLOWED, and Sidbury's section 2255 motion [DE-37] is DISMISSED. The court concludes that Sidbury

4

has not made the requisite showing to support a certificate of appealability. Therefore, a

certificate of appealability is DENIED.

SO ORDERED.

This the 13 day of April, 2015.

_____
James C. Fox
Senior United States District Judge

Case 7:12-cr-00011-F   Document 51   Filed 04/13/15   Page 5 of 5